VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

CAMERON L. THOMAS,

     Plaintiff,

v.

H. W. MARTIN

and

R. M. CROWDER,

and

D.L. TODD,

and

E.V. ZABLAN,

and

B. A. SHUM,

and

CITY OF NORFOLK

     Defendants.

Case No.: CL20 7657

<u>JURY TRIAL DEMANDED</u>



SEP 0 4 2020

NORFOLK CIRCUIT COURT CLERK
BY    D.C.

## <u>COMPLAINT</u>

    NOW COMES CAMERON L. THOMAS ("Plaintiff"), by counsel, and moves the

court for the entry of a judgment against the Defendants, jointly and severally, in the

total sum of ONE MILLION THREE HUNDRED FIFTY THOUSAND and 00/100

DOLLARS ($1,350,000.00) plus costs, attorneys' fees, and all interest permitted by law,

and as the grounds for same, states as follows:



**EXHIBIT**

**1**

## PARTIES

1. That the Plaintiff is a natural person who at all relevant times has been a resident of the City of Norfolk, Virginia.

2. That Defendant City of Norfolk is a municipal corporation existing pursuant to the laws of the Commonwealth of Virginia.

3. That Defendants H.W. Martin, R.M. Crowder, D.L. Todd, E.V. Zablan, and B. A. Shum were, at all relevant times, agents and employees of the police department of Defendant City of Norfolk and acting under color of state law.

## FACTUAL ALLEGATIONS

4. That, on February 13, 2017, Charles Doyle ("Doyle") was the owner of the real property located at 5004 Shafer Street, Norfolk, Virginia, which included a garage (the "Garage").

5. That, on and prior to February 13, 2017, said Garage was full of miscellaneous tools, equipment, and other items belonging to Doyle.

6. That prior to February 13, 2017, Doyle agreed to sell the items to Gossett for $800.00 and gave permission to Kevin Gossett ("Gossett") to remove any and all of the items from the Garage.

7. That, prior to February 13, 2017, when Gossett advised Doyle that he would return to the Garage at a later time to retrieve the items, Doyle advised Gossett that the Garage was unlocked and that Gossett could enter to retrieve the items.

8. That, prior to February 13, 2017, Gossett requested that Plaintiff assist Gossett with removing the items from the Garage.

9.  That, on February 13, 2017, Gossett requested that Plaintiff meet Gossett at the Garage on February 13, 2017, with Plaintiff's truck to assist Gossett with the removal of the items.

10. That, on February 13, 2017, Plaintiff arrived at the Garage, along with Leslie C. Townsend ("Townsend"), as requested by Gossett, but Gossett was not yet present.

11. That, on February 13, 2017, Plaintiff called Gossett by telephone to confirm that Plaintiff was at the correct location (the Garage at 5004 Shafer Street, Norfolk, Virginia).

12. That on February 13, 2017, Gossett confirmed by telephone that Plaintiff was at the correct location, told Plaintiff that the Garage was unlocked, and advised Plaintiff that he could begin removing items from the Garage.

13. That, on February 13, 2017, Gossett advised Plaintiff by telephone that Gossett was leaving to join Plaintiff and Townsend at the Garage.

14. That, after concluding said telephone call with Gossett on February 13, 2017, Plaintiff entered the Garage and began removing items from the Garage and loading them into his truck.

15. That, on February 13, 2017, the individual Defendants arrived at the Garage and almost immediately, detained the Plaintiff and placed the Plaintiff in handcuffs.

16. That, on February 13, 2017, Plaintiff advised the individual Defendants that he had permission from Gossett, and therefore Doyle, to enter and remove items from the Garage.

17. That Doyle arrived at the Garage on February 13, 2017, after Plaintiff had been detained by the individual Defendants, and advised the individual Defendants that he did, in fact, have a deal with Gossett for the sale of the items in the Garage.

18. That, on February 13, 2017, Plaintiff repeatedly asked the individual Defendants to call Gossett to confirm that Gossett had given permission to Plaintiff to enter and remove items from the Garage.

19. That, on February 13, 2017, Doyle offered to call Gossett to confirm Plaintiff's statements that he had permission to enter and remove items from the Garage, but the individual Defendants advised Doyle not to call Gossett.

20. That, on February 13, 2017, after Plaintiff had been arrested, Gossett called Doyle and asked Doyle if he could speak to the police.

21. That, on February 13, 2017, the individual Defendants refused to speak to Gossett on the telephone.

22. That, on information and belief, none of the individual Defendants, nor anyone else with the police department of Defendant City of Norfolk, ever interviewed or attempted to interview Gossett regarding Plaintiff's claims that Plaintiff had permission to enter and remove items from the Garage.

23. That, on February 13, 2017, the individual Defendants placed Plaintiff in the rear of a police department vehicle while handcuffed causing Plaintiff to suffer extreme discomfort including profuse sweating, shoulder pain, and chest pain, and the individual Defendants refused to allow Plaintiff to take heartburn medicine.

24. That, on February 13, 2017, the individual Defendants caused warrants to be issued charging Plaintiff with three (3) felonies, to-wit: conspiracy to break and enter in violation of Va. Code §§ 18.2-22 and 18.2-91, grand larceny in violation of Va. Code § 18.2-95, and breaking and entering in violation of Va. Code § 18.2-91, which charges were filed in the General District Court of the City of Norfolk.

25. That the Plaintiff was held in the custody of the Defendants from approximately 7:00 p.m. on February 13, 2017, until approximately 7:00 a.m. on February 14, 2017.

26. That, on May 1, 2017, said felony charges were dismissed in the General District Court of the City of Norfolk by *nolle prosequi.*

27. That on July 25, 2017, the Circuit Court of the City of Norfolk entered an Order for Expungement ordering that records of said arrest and felony charges be expunged.

28. That the individual Defendants used excessive force in detaining Plaintiff at least insofar as they handcuffed Plaintiff who was fully cooperative and gave no indication that he was about to commit a violent crime, that he was a flight risk, or that he otherwise posed a threat to other persons.

29. That the individual Defendants unreasonably prolonged the detention of the Plaintiff by failing to diligently pursue a feasible and readily accessible means of investigation that would have revealed that Plaintiff was not guilty of the charges being investigated.

30. That there was no probable cause to arrest or charge Plaintiff with any crime, and any reasonable investigation by the individual Defendants would have revealed such lack of probable cause.

31. That the individual Defendants acted with actual malice toward Plaintiff and, further, the individual Defendants conduct was so willful and wanton as to evince a conscious disregard for the rights of the Plaintiff.

32. That the individual Defendants failed to reasonably investigate the charges, which would have revealed the lack of probable cause for the arrest or charging of Plaintiff, in derogation of the Plaintiff's rights under the Constitution of the United States.

33. That, as a proximate result the Defendants' wrongful conduct as aforesaid, including Plaintiff's detention, arrest, and charges, Plaintiff suffered, at least, the following:

    a. Pain, suffering, inconvenience, embarrassment, and humiliation;

    b. Restraint of his liberty during the time he was detained and arrested by the Defendants and further while he was subject to travel restrictions pursuant the terms of the Recognizance;

    c. Loss of reputation;

    d. Revocation of government issued security clearance;

    e. Lost wages, lessening of earning capacity, suspension from employment, and termination from employment;

    f. Bail bondsman fees; and

g.  Legal fees and expenses related to the defense and ultimate
    expungement of the criminal charges

### COUNT I – 42 U.S.C. § 1983

34. That the Plaintiff repeats and realleges paragraphs 1 through 31 of the Complaint
    as if fully set forth herein.

35. That the Defendants have deprived the Plaintiff of his civil, constitutional, and
    statutory rights under color of law and have conspired to deprive him of said
    rights, and are liable to Plaintiff for the damages alleged in paragraph 33 of the
    Complaint under 42 U.S.C. § 1983

### COUNT II – FALSE IMPRISONMENT/ARREST (STATE LAW)

36. That the Plaintiff repeats and realleges paragraphs 1 through 35 of the Complaint
    as if fully set forth herein.

37. That the Defendants falsely arrested and imprisoned Plaintiff in violation of the
    laws of the Commonwealth of Virginia, including the decisions of its courts, and
    are liable to Plaintiff for the damages alleged in paragraph 33 of the Complaint
    for false imprisonment and false arrest.

### COUNT III – MALICIOUS PROSECUTION (STATE LAW)

38. That the Plaintiff repeats and realleges paragraphs 1 through 37 of the Complaint
    as if fully set forth herein.

39. That the Defendants maliciously prosecuted the Plaintiff in violation of the laws of
    the Commonwealth of Virginia, including the decisions of its courts, and are liable

to Plaintiff for the damages alleged in paragraph 33 of the Complaint for
malicious prosecution.

## COUNT IV – RESPONDEAT SUPERIOR LIABILITY

40. That the Plaintiff repeats and realleges paragraphs 1 through 39 of the Complaint
as if fully set forth herein.

41. That the individual Defendants' wrongful acts as alleged herein were undertaken
within the scope of their employment with Defendant City of Norfolk and in
furtherance of Defendant City of Norfolk's interests, and, therefore, the
defendants are liable for the damages alleged in paragraph 33 of the Complaint
under the doctrine of *respondeat superior*.

## COUNT IV – MUNICIPAL LIABILITY

42. That the Plaintiff repeats and realleges paragraphs 1 through 41 of the Complaint
as if fully set forth herein.

43. That Defendant City of Norfolk is liable for the damages suffered by plaintiff as a
result of the conduct of its agents and employees, in that, after learning of their
employees' violation of plaintiff's constitutional rights, it failed to remedy the
wrong; it created a policy or custom under which unconstitutional practices
occurred and allowed such policies or customs to continue, and it has been
grossly negligent in managing its agents and employees who violated the
Plaintiff's constitutional rights.  Defendant City of Norfolk is aware of the regular
use of excessive force and false arrests by its police officers, but it has exhibited

deliberate indifference to such behaviors, which has caused the plaintiff to suffer the damages alleged in paragraph 33 of the Complaint.

## COUNT V – PUNITIVE DAMAGES

44. That the Plaintiff repeats and realleges paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. That the Defendants acted with actual malice toward Plaintiff and, further, the individual Defendants conduct was so willful and wanton as to evince a conscious disregard for the rights of the Plaintiff making the Defendants liable to the plaintiff for punitive damages.

WHEREFORE, plaintiff, by counsel, demands a trial by jury and prays for the entry of a judgment against Defendants, jointly and severally, as follows:

    a. Compensatory damages in the amount of $1,000,000.00;

    b. Punitive damages in the amount of $350,000.00;

    c. Reasonable attorneys' fees pursuant to 42 U.S.C. § 1983;

    d. Costs;

    e. Pre-judgment interest from February 13, 2017, at the statutory rate;

    f. Post-judgment interest at the statutory rate; and

    g. Such other and further relief as the Court may deem just and proper.

CAMERON L. THOMAS

BY: _____
            Of Counsel

Benjamin D. Bowers, Esquire
Virginia State Bar No. 72749
Bowers & Gould, P.C.
4101 Granby Street, Suite 206
Norfolk, VA 23504
Telephone: (757) 627-7787
Facsimile: (757) 627-4215
E-mail: ben@bowerslawoffice.com

## BOWERS & GOULD, P.C.
## ATTORNEYS AT LAW

Telephone (757) 627-7787                                                    Facsimile (757) 627-4215

**4101 BUILDING, SUITE 206**
**4101 GRANBY STREET**
**NORFOLK, VIRGINIA 23504**

September 4, 2020



BY HAND DELIVERY
Hon. George E. Schaefer – Clerk
Norfolk Circuit Court
150 St. Paul's Boulevard, 7th Floor
Norfolk, VA 23510-2773

RE:   Case Style:      Cameron L. Thomas v. H. W. Martin et al.
        Case Number:
        My File:           18-038                    CL20-7657

Dear Mr. Schaefer:

        Enclosed is Complaint that I would appreciate your filing on behalf of my client Cameron L. Thomas.  Also enclosed is my firm's check number 19294 payable to the Court in the amount of $354.00.  Service is not requested at this time.  Thank you for your usual cooperation and courtesy.  If you have any questions, then please feel free to give me a call.

                                        Sincerely,

                                        Benjamin D. Bowers

Enclosures

Receipt : 20000039996

Page 1 of 1

COURT ADDRESS:
150 ST. PAUL'S BLVD, 7TH FLOOR
NORFOLK, VA 23510
PHONE # :757-769-8539

**OFFICIAL RECEIPT**
**NORFOLK CIRCUIT COURT**
**CIVIL**

DATE : 09/04/2020          TIME : 12:41:02
RECEIPT # : 20000039996    TRANSACTION # : 20090400149
CASHIER : NXG              REGISTER # : D989
CASE COMMENTS : THOMAS, CAMERON L v. MARTIN, H W
SUIT AMOUNT : $1,350,000.00
ACCOUNT OF : THOMAS, CAMERON L
PAID BY : THOMAS, CAMERON L
CHECK : $354.00          CHECK NUMBER : 19294
DESCRIPTION 1 : COM:COMPLAINT - CATCH-ALL
              2 : PLAINTIFF: THOMAS, CAMERON L
              3 : NO HEARING SCHEDULED

CASE # : 710CL2000765700

FILING TYPE : COM

PAYMENT : FULL PAYMENT

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 049 | WRIT TAX (CIVIL) | $25.00 |
| 106 | TECHNOLOGY TRST FND | $5.00 |
| 123 | LEGAL AID SERVICES | $9.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 |
| 170 | COURT TECHNOLOGY FUND | $10.00 |
| 219 | LAW LIBRARY | $4.00 |

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 228 | COURTHOUSE CONSTRUCTION FEE (CHCF) | $3.00 |
| 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 304 | CIVIL FILING FEE (LAW & EQUITY) | $290.00 |
| 426 | PAPER SUBMISSION/COPY FEE | $5.00 |

TENDERED : $          354.00

AMOUNT PAID : $          354.00

CLERK OF COURT : GEORGE E. SCHAEFER